FILED
U.S. DISTRICT COURT
SAV. DIV.



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHNNIE LEE MCKNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV405-183 |
| ) | |
| JIMMY McDUFFIE, Sheriff, ) | |
| CAPTAIN FNU CARROLL, ) | |
| LIEUTENANT JOHN DOE, and ) | |
| OFFICER JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Defendants McDuffie and Carroll have filed a motion for summary judgment in the above action. Doc. 22. Defendant has responded in opposition. Doc. 32. For the reasons that follow, defendants' motion should be GRANTED.

## I. BACKGROUND

On October 3, 2003, while confined as a pre-trial detainee at the Effingham County Jail, plaintiff sustained injuries to his head and neck when the top bunk of a bunk bed in his cell collapsed while he was sitting

on the bottom bunk. Doc. 1. Plaintiff was transported by ambulance to the Effingham County hospital following the accident and received treatment for his injuries. Doc. 24, McKnight Dep. at 25. Plaintiff contends that defendant Jimmy McDuffie, the sheriff of Effingham County, and defendant Larry Carroll, the jail administrator, knew that there was a problem with the bunk bed and that both acted with "deliberate indifference to [his] safety and/or health" by failing to repair the bed before it collapsed on him. Doc. 1. Plaintiff claims that he suffered "pain, suffering, emotional stress and mental anguish continuous in nature, requiring continuous visits to medical personnel." Id.

## II. SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing laws. . . . It is 'genuine' if the record taken as a whole could lead a rational

trier of fact to find for the nonmoving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990)(citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Products Div., 932 F.2d 1384, 1387 (11th Cir.), cert. denied, 502 U.S. 925 (1991)(quoting Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1515.

## III. SECTION 1983

Section 1983 provides a private cause of action for persons whose rights under the federal constitution or laws have been violated under the color of state law. 42 U.S.C. § 1983. In order to establish a claim under § 1983, plaintiff must show that defendants acted under the cloak of state authority when they participated in the conduct alleged by plaintiff and that their actions deprived plaintiff of a right or rights secured by the United States Constitution or other federal laws. Violations of state statutes or tortious conduct under state law do not constitute the type of injury for which § 1983 provides a remedy.

Section 1983 is not a source of rights, but a means of vindicating federal rights. Albright v. Oliver, 510 U.S. 266, 271 (1994). In analyzing

a § 1983 claim, a court must first "identify the specific constitutional right allegedly infringed." Id.; Graham v. Connor, 490 U.S. 386, 394 (1989). Plaintiff alleges that defendants were deliberately indifferent to a serious risk to his health and safety by failing to maintain safe conditions of confinement at the Effingham County Jail in violation of the Eighth Amendment.[1]

## IV. ANALYSIS

The Eighth Amendment, which prohibits the infliction of cruel and unusual punishment on those convicted of crimes, requires the state to provide humane conditions of confinement for those individuals whom it has taken into its custody.[2] Farmer v. Brennan, 511 U.S. 825, 832 (1994).

---

[1] Although it was unclear from plaintiff's original complaint whether he was contending that defendants were deliberately indifferent to his serious medical needs following the accident, plaintiff stated in his response to defendants' motion for summary judgment that he is not advancing such a claim. Doc. 33.

[2] At the time of the alleged constitutional violation, plaintiff was housed in the Effingham County Jail as a pretrial detainee. Doc. 1. Although the Eighth Amendment's proscription of "cruel and unusual punishments" applies only to convicted prisoners and not to pretrial detainees, it is well settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth Amendment for convicted persons. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Thus, the Court will look to Eighth Amendment jurisprudence in evaluating plaintiff's prison-conditions

Prison officials have a duty to ensure that prisoners' conditions of confinement are humane, and they "must 'take reasonable measures to guarantee the safety of the inmates.'" Id. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)); see Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). The Constitution, however, "'does not mandate comfortable prisons," and thus "[p]rison conditions may be 'restrictive and even harsh.'" Farmer, 511 U.S. at 832, 833. "Inmates cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988).

Eighth Amendment claims challenging prison conditions have both an "objective" and "subjective" component. Wilson v. Seiter, 501 U.S. 294, 298 (1991); Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Where a prisoner's § 1983 claim challenges the conditions of his confinement, the objective component requires the prisoner to prove a "sufficiently serious" deprivation by demonstrating that a "prison official's act or omission has resulted in the denial of 'the minimal civilized measure of life's necessities.'" Farmer, 511 U.S. at 834 (citation omitted). "Because routine

---

claim.

discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Helling v. McKinney, 509 U.S. 25, 36 (1993) (noting that the objective factor "requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.").

The subjective component of the Eighth Amendment analysis requires the prisoner to demonstrate that the defendant prison official acted with a "'sufficiently culpable state of mind.'" Farmer, 511 U.S. at 834 (citation omitted). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety. . . ." Id.; Wilson v. Seiter, 501 U.S. at 302-03 (extending the deliberate indifference standard announced in Estelle with respect to claims involving medical care to all prisoner claims challenging the conditions of confinement). Deliberate indifference "describes a state of mind more blameworthy than negligence," but is "satisfied by something less than acts or omissions for the very purpose of

causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Instead, the prisoner must satisfy the recklessness standard recognized under the criminal law:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837. As the Eleventh Circuit has noted, "'deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" Chandler, 379 F.3d at 1290 n.21 (quoting Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003)).

In the instant case, plaintiff was injured when a bunk bed in his cell collapsed onto him while he was sitting on the lower bunk on October 3, 2003. Doc. 34 (McKnight Aff.). Plaintiff alleges that the bunk bed was broken, a condition that he reported to defendants prior to the accident but that defendants failed to correct in time to prevent his injury. Doc. 1. Even assuming that plaintiff has alleged facts demonstrating that he was

confined under conditions posing a substantial risk of serious harm sufficient to satisfy the objective element of an Eighth Amendment claim, he has failed to establish that either of the named defendants had actual knowledge of the broken bunk bed, recognized that the condition of the bed posed a substantial risk of serious harm, or acted with more than mere negligence.

As an initial matter, plaintiff names two prison officials as defendants to the instant action under the fictional name John Doe. A plaintiff may use a fictitious name such as "John Doe" to denote a defendant where the defendant's identity may be uncovered through discovery. Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992). However, where a plaintiff fails to discover the identity of John Doe defendants despite adequate time to do so, claims against such defendants should be dismissed.[3] HMK Corp. v.

---

[3] Plaintiff executed the instant complaint on September 26, 2005 and it was docketed in this Court on October 4, 2005, one day after the expiration of the statute of limitations on his claims. Plaintiff cannot now amend his complaint to supply the identity of the two John Doe defendants because the statute of limitations has expired and such an amendment would not relate back to the filing of his original complaint under Federal Rule of Civil Procedure 15(c). Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999) (a pro se inmate's amendment to a § 1983 complaint, to replace "John Doe" deputy sheriffs with specifically-named defendants, constitutes a *change* in the parties sued, rather than a mistake in the identity of a party and therefore does not relate back to the original complaint). Plaintiff's problem, like the plaintiff in Wayne, is that "he drafted and filed [his complaint] close to the expiration of the statute of limitations and thereby waited too long before setting out to find crucial information that he needed to

Walsey, 637 F. Supp. 710, 714 n.4 (E.D. Va. 1986) (citing Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982)); see also Stratton v. City of Boston, 731 F. Supp. 42, 45 (D. Mass. 1989) (claims against "certain unknown officers" dismissed where plaintiffs could have inquired and obtained the names of police officers on duty at time of allegedly offensive conduct). In this case, plaintiff has had more than ample time and opportunity to discover the identities of the unknown officers but he has filed to do so. Consequently, his claims against Lieutenant John Doe and Officer John Doe should be DISMISSED. See Hudson v. Nye, 2006 WL 2290505, *5 (S.D. Fla. 2006) (court *sua sponte* dismissed as frivolous a pro se prisoner's complaints against two John Doe defendants pursuant to Wayne v. Jarvis, 197 F.3d 1098 (11th Cir. 1999), where plaintiff brought complaint on last day of statute of limitations and failed to discover the identity of the John Doe defendants prior to the expiration of the limitations period).

Plaintiff alleges in his complaint that he informed defendant McDuffie about the condition of the bunk bed through "written communication on request to staff forms and a letter." Doc. 1. Plaintiff alleges that defendant

---

make his claims against the deputies." Wayne, 197 F.3d at 1104. And just as the plaintiff in Wayne, plaintiff "bears the consequences of his own delay." Id.

McDuffie "intentionally, maliciously and defiantly refuse [sic] to take any action to alleviate the risk of harm posed to [him]." Id. Plaintiff, however, does not state that he sent his complaints directly to defendant McDuffie or that he sent a letter specifically addressed to McDuffie expressing his concerns about his bed. Plaintiff acknowledges in his deposition that he is uncertain whether defendant McDuffie actually received notice of the condition of the bunk bed at any time. McKnight Dep. at 10-12. Plaintiff concedes that he has never personally met defendant McDuffie and states that "[his] understanding is that [McDuffie] was informed by the way of letter" about the condition of the bunk bed. Id. at 10-11. Plaintiff further stated that McDuffie is "also informed about what goes on at the jail by his subordinates, that being [defendant] Carroll, possibly a lieutenant, anyone he decides to talk to should have explained the situations or – or the circumstances at the jail." Id. at 11.

Plaintiff has failed to offer any evidence demonstrating that defendant McDuffie had personal knowledge of the condition of the bunk bed or in any way directly contributed to his injury. Instead, plaintiff relies on the assumption that McDuffie read his correspondence or grievances and

11

assumes that other prison officials informed McDuffie of his complaints regarding the bunk bed.[4]  Plaintiff, however, has failed to offer any evidence establishing that defendant McDuffie had actual knowledge of any dangerous condition in his cell.  An official does not act with deliberate indifference unless he "knows of and disregards an excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 837.  Plaintiff, therefore, has failed to establish a key component of a conditions-of-confinement claim.

Moreover, even if there were evidence establishing that the sheriff was aware of the problem with his bed, plaintiff has not shown that the sheriff's failure to take immediate action to correct the problem constituted more than mere negligence.  It is well settled that a prison official's negligence in failing to protect an inmate from a risk of harm does not give rise to a cause of action under § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986).  Accordingly, defendant's motion for summary judgment as to defendant McDuffie should

---

[4]Any claims that plaintiff is attempting to pursue against defendant McDuffie based solely on his supervisory authority over the jail as the Sheriff of Effingham County must fail, since claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Monell v. Department of Social Services of New York</u>, 436 U.S. 658, 691 (1978).

be GRANTED.

Plaintiff has similarly failed to provide evidence demonstrating that defendant Carroll was deliberately indifferent to a serious risk to his safety. Plaintiff alleged in his complaint that defendant Carroll "was in immediate command and in charge of the operation, inspection, safety and sanitary conditions, and maintenance of the jail" at the time of his injury and that he placed defendant Carroll on notice of the unsafe bunk bed "through written communication on request to staff forms and by verbal communication." Doc. 1. Plaintiff alleges that defendant Carroll refused to take any action to reduce the risk of harm to him from the broken bunk. Id. Plaintiff contradicted this assertion during his deposition, however. Plaintiff admitted that he only had one conversation with defendant Carroll and that he had never personally given any paperwork to Carroll prior to his injury. McKnight Dep. at 15-16. Plaintiff's conversation with Carroll was very brief and occurred one day as plaintiff was passing by Carroll's office. Id. at 15. Carroll was on the phone and plaintiff initiated a conversation with him. Id. Carroll put his call on hold and plaintiff told him that "the welds on the bed was [sic] broke." Id. at 15-16, 21. Plaintiff

testified that he did not "go into detail" about the extent of the defect during this conversation, but rather submitted the details in his "request to staff." Id. at 21. Carroll informed plaintiff that an officer would take care of the situation and that concluded the conversation. Id. at 16. Plaintiff states that "[t]here wasn't an actual conversation. It was just he said one of them will take care of it and that's it." Id.

After plaintiff informed Carroll of the condition of the bunk bed in his cell, plaintiff acknowledges that Carroll stated that an officer would take care of the problem. Plaintiff has failed to demonstrate that Carroll ignored his complaint or that he otherwise acted with deliberate indifference to plaintiff's health or safety. Despite his contention that he provided more detailed information on the condition of the bunk bed in requests to staff, he offers no evidence that Carroll knew anything beyond that "the welds on the bed was [sic] broke" or that Carroll had reason to believe that the problem had not been rectified after their conversation. Moreover, any claims that plaintiff is attempting to pursue against defendant Carroll based solely on his position as the jail administrator afford him no relief under § 1983. See Dodson, 454 at 325; Monell, 436 U.S. at 691. Thus,

plaintiff has failed to establish that defendant Carroll acted with a state of mind sufficient to satisfy the subjective element of an Eighth Amendment prison-conditions case, and defendants' motion for summary judgment should be GRANTED as to defendant Carroll.

## V. CONCLUSION

Based on the foregoing, defendants McDuffie and Carroll's motion for summary judgment (doc. 22) should be GRANTED and plaintiff's claims against them should be DISMISSED. Because plaintiff has failed to identify the John Does defendants within the limitations period, his claims against Lieutenant John Doe and Officer John Doe should also be DISMISSED.

**SO REPORTED AND RECOMMENDED this 5th day of March, 2007.**

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA