FILED
U.S. DISTRICT COURT
SAV'AN DIV.
2007 APR -9 AM 11: 35
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHNNIE LEE MCKNIGHT, )
)
    Plaintiff, )
)
v. )
) CASE NO. CV405-183
JIMMY MCDUFFIE, Sheriff; )
CAPTAIN LARRY CARROLL; )
LIEUTENANT JOHN DOE; and )
OFFICER JOHN DOE, )
)
    Defendants. )

## O R D E R

Before the Court is the Report and Recommendation of the Magistrate Judge (Doc. 39), Plaintiff's objections, and Plaintiff's Motion to Strike and to Recuse the Magistrate (Doc. 42). After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is **ADOPTED** as the opinion of the Court. Plaintiff's Motion to Strike and to Recuse the Magistrate is **DENIED**.

On October 3, 2003, while confined as a pre-trial detainee at the Effingham County Jail, Plaintiff sustained injuries to his head and neck when the top bunk of a bunk bed in his cell collapsed on top of him. He brought this action under 42 U.S.C. § 1983 alleging that Defendant Jimmy

McDuffie, the sheriff of Effingham County, and Defendant Larry Carroll, the jail administrator, acted with "deliberate indifference to [his] safety and/or health" by failing to repair the bed before it collapsed.

To establish a violation of the Eighth Amendment's prescription against cruel and unusual punishment in a prison-conditions case, a prisoner must establish that the defendant prison official acted with "deliberate indifference" to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).[1] The deliberate indifference standard has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. E.g., Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

In the instant case, the Magistrate recommends that the Court grant Defendants' Motion for Summary Judgment. Although Plaintiff has presented evidence that Defendants McDuffie and Carroll may have been aware of a potential problem with the bunk bed, he has presented no evidence to suggest that their conduct rises above the level of mere negligence. To the contrary, Defendant Carroll told

---

[1] This standard also applies to pre-trial detainees such as Plaintiff. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985).

Plaintiff that an officer would take care of the problem shortly before the accident occurred. As explained in the Report and Recommendation, the record contains no evidence to create a genuine issue of material fact on the element of deliberate indifference. Therefore, Plaintiff's claims against Defendants McDuffie and Carroll are **DISMISSED WITH PREJUDICE**. Further, the claims against the John Doe defendants are **DISMISSED** because Plaintiff has failed to identify them despite adequate time to do so.

Finally, Plaintiff's Motion to Strike and to Recuse the Magistrate is **DENIED**. With respect to the Motion to Strike, Plaintiff has shown no compelling reason why the Court should not consider his deposition, which was taken under oath. With respect to the request to recuse the Magistrate, the Court has performed a de novo review of the Report and Recommendation and has made an independent determination that this case should be dismissed.

The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 9th day of April, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA